Van Brunt, P. J.
This action was brought to set aside a note and a mortgage made by the plaintiff to secure the note, upon the ground that the note and mortgage were obtained by duress, and that the same was given to secure a debt of her husband, and was without consideration.
, The learned justice who tried the case in the court below found against the plaintiff upon the ground that even if there had been duress in the first instance, the plaintiff had since, by her acts, ratified the note and mortgage, and had recognized the validity thereof.
This conclusion is amply supported by the evidence, and should not be interfered with. It certainly could not have taken the plaintiff nine years to find out that she has been coerced into the making of the original note and mortgage.
But the objection that the note and mortgage was without consideration is a more serious one.
It is claimed by the defendant that the note and mortgage was given by the plaintiff to relieve her husband from arrest in an action brought by the defendant’s testator against him, and that in consideration of the note and mortgage he released the husband from arrest and refrained from prosecuting the suit against him.
If this claim had been sustained by the evidence, a consideration for the note and mortgage would have been made out.
The evidence, however, shows that the plaintiff’s husband was arrested and discharged on bail, and there is no *311 proof that the action against the husband was ever discontinued or any rights thereunder surrendered.
Ifc is true that the defendant’s testator does not seem to have prosecuted the action, but there was nothing to hinder such prosecution—the refraining was merely voluntary. Neither the action was discontinued, nor was any right waived by the plaintiff in the action.
The defendant gave bail to be discharged from arrest.
This bail bond was approved by the plaintiff’s attorney, and the defendant was thereby discharged from arrest.
The plaintiff’s rights over him were not for a moment released. He could have prosecuted his action and have arrested him upon execution for aught that appears in this case.
This is far from proving any, consideration whatever for the note and mortgage given at this time.
It is urged that the surety upon the undertaking was a friend of the plaintiff’s attorney and that he furnished the bail.
The fact that he was related to the plaintiff’s attorney seems to be established, but that is all.
There is no evidence that he became bail at the request of plaintiff’s attorney, or that he procured him to go upon the bond.
If the giving of the note and mortgage was to procure the discharge from arrest, it seems difficult to imagine what office the undertaking by way of bail was intended to fill.
It does not appear that the plaintiff in the action against the plaintiff’s husband relinquished a single right because of the giving of this note and mortgage.
The evidence of the attorney for the plaintiff in the said action is evidently not very reliable, as after testifying that he did not remember that bail had been given or whether anybody became bail or not, or whether he approved of the undertaking, he further testifies that his impressions are that he wrote out the bail bond given.
If he did not remember that ány bail bond had been given, it seems to be difficult to understand how he could remember having written out the bond.
The fact seems to be that the defendant’s testator procured this security from the plaintiff without having parted with or waived a single right. He was at liberty to continue his suit or not, as he pleased.
■ Under these circumstances there was no consideration whatever for the original note and mortgage.
The new note and mortgage having been given in renewal of the old, is necessarily tainted with the same infirmity.
*312 The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.
Brady and Daniels, JJ., concurs.